STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

GLENN S. LEON
Chief
Criminal Division, Fraud Section

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6912
      FAX: (415) 436-7027
      Kristina.Green@usdoj.gov

S. BABU KAZA (DCBN 1033670)
Trial Attorney, Fraud Section
U.S. Department of Justice

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **NO. 22-CR-165 CRB** |
| | ) |
| Plaintiff, | ) **UNITED STATES' SENTENCING** |
| | ) **MEMORANDUM** |
| v. | ) |
| | ) |
| JAIMI JANSEN, | ) Hearing Date: September 28, 2022 |
| | ) Time:  10:00 a.m. |
| | ) Judge: Hon. Charles R. Breyer |
| Defendant. | ) |

## I.    INTRODUCTION

On June 3, 2022, defendant Jaimi Jansen pleaded guilty to Counts One through Three of the

Information, each charging her with false statements related to health care matters in violation of 18

U.S.C. § 1035. *See* Presentence Investigation Report ("PSR") ¶¶ 1-2. The government respectfully recommends that the court impose a sentence of 3 years probation and a $300 special assessment, in conjunction with forfeiture of $18,480 in criminal proceeds.

## II.     BACKGROUND

### A.     Offense Conduct

The United States concurs with Probation's description of the offense conduct. PSR ¶¶ 6-10. Jansen participated in Dr. Juli Mazi's fraudulent scheme to sell homeoprophylaxis pellets for immunization against COVID-19, accompanied by fake Centers for Disease Control and Prevention ("CDC") vaccination record cards with instructions on how to complete the cards to make it appear that a COVID-19 vaccine authorized by the Food and Drug Administration ("FDA") was administered. PSR ¶ 9. Jansen repackaged Mazi's homeoprophylaxis pellets and fake CDC COVID-19 vaccination record cards for individual sale and charged customers a higher price than she paid to Mazi in order to make a personal profit. PSR ¶ 9. Jansen distributed the homeoprophylaxis pellets and fake CDC COVID-19 vaccination record cards to approximately 170 customers, and received approximately $18,480, of which $14,000 was profit. PSR ¶ 10.

### B.     Applicable Guidelines Calculation

On June 3, 2022, Jansen pleaded guilty to Counts One through Three of the Information charging her with false statements related to health care matters in violation of 18 U.S.C. § 1035. *See* PSR ¶¶ 1–2. The government's guidelines calculation comports with that of Probation. Probation has calculated a total offense level of 8. PSR ¶¶ 14–24. The government agrees with Probation's determination that Jansen has 0 criminal history points and is in Criminal History Category I. PSR ¶¶ 25-31. The resulting guidelines range is 0 to 6 months. PSR ¶ 74. Probation recommends a sentence of 3 years probation, a $300 special assessment, and forfeiture to the United States of $18,480. *See* PSR, Sentencing Recommendation. The United States concurs with Probation's guidelines calculation and sentence recommendation.

III.    **DISCUSSION**

    A.    **Applicable Law**

    The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2), specifically to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the guidelines.  *Id.*

    After determining the appropriate guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.  Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    The need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4)    The need for the sentence imposed to protect the public from further crimes of the defendant; and

    (5)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

    B.    **A Sentence of Three Years Probation is Sufficient and Not Greater Than Necessary to Comply With 18 U.S.C. § 3553(a).**

    Jansen immediately cooperated with law enforcement when confronted with her involvement in Mazi's scheme, to include participating in proffer sessions, and providing copies of relevant records and communications.  In light of Jansen's cooperation and lack of criminal history, as well as her felony

1    convictions for the instant offenses, a probationary sentence is consistent with the requirements of 18

2    U.S.C. § 3553, and adequately reflects the seriousness of the offenses, promotes respect for the law,

3    provides just punishment and affords adequate deterrence.  18 U.S.C. § 3553(a)(2).

4    **IV.    CONCLUSION**

5        With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United

6    States respectfully requests that the Court impose a sentence of 3 years probation and a $300 special

7    assessment, in conjunction with forfeiture of $18,480 to the United States.

8

9    DATED:  September 21, 2022                          Respectfully submitted,

10                                                       STEPHANIE M. HINDS
                                                         United States Attorney
11

12
                                                          _/s/ S. Babu Kaza_____
13                                                       S. BABU KAZA
                                                         Trial Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM   4
22-CR-165 CRB